No. 95-070

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


IN RE THE MARRIAGE OF

KATHLEEN A. KOVASH,

      Petitioner and Respondent,

  and

MYRON J. KOVASH,

      Respondent and Appellant.


APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Mark P. Yeshe, Attorney at Law, Helena, Montana

      For Respondent:

      Derik Pomeroy, Attorney at Law, Bozeman, Montana

      K. Amy Pfeifer, Attorney at Law, Department of
Social and Rehabilitation Services, Helena, Montana
(Attorney for Child Support Enforcement Division)

      Todd R. Hillier, Attorney at Law, Bozeman, Montana
(Attorney for Guardian Ad Litem)

      Bruce E. Becker, Attorney at Law, Livingston,
Montana (Attorney for Jeffrey Kovash)


**FILED**

JUL 2 5 1995

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  June 20, 1995

Decided:  July 25, 1995

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Myron Kovash appeals the visitation schedule issued sua sponte by the Eighteenth Judicial District Court, Gallatin County. We affirm.

The sole issue on appeal is:

Did the District Court err when it issued a visitation schedule sua sponte?

The parties were divorced in 1992. They have four minor children. Myron resides in Livingston, Montana, and respondent, Kathleen Kovash, resides in Kellogg, Idaho. In the divorce decree, Kathleen was granted sole custody. Myron's visitation rights were to be terminated if he failed to comply with certain conditions in the decree. The first visitation schedule issued by the District Court covered the period from August 31, 1992, through July 31, 1993. In September 1993, the two older children began residing with Myron in Montana, while the two younger children stayed with Kathleen in Idaho. The subsequent visitation schedules concern the two younger children. The second visitation schedule covered the period from December 26, 1993, through January 2, 1994. The third visitation schedule covered the period from April 1, 1994, through August 19, 1994.

In the fall of 1994, the District Court requested the Guardian Ad Litem to submit a recommendation concerning visitation. After she submitted her recommended visitation schedule to the District Court, it issued an order containing the current visitation schedule. The current visitation schedule covers the period of

2

December 16, 1994, through August 26, 1995. Myron bases his appeal on this last visitation schedule.

## ISSUE

Did the District Court err when it issued a visitation schedule sua sponte?

Our standard of review for a district court's decision concerning visitation is whether it abused its discretion. In re Marriage of Hunt (1994), 264 Mont. 159, 164, 870 P.2d 720, 723, (citing In re Marriage of Anderson (1993), 260 Mont. 246, 252, 859 P.2d 451, 454).

Myron argues that the District Court violated § 40-4-217(1), MCA, when it denied his proposed visitation schedule and issued its own without a hearing.

The proper statute governing a district court's continuing jurisdiction over visitation is § 40-6-118, MCA.

> The court has continuing jurisdiction to modify or revoke a judgment or order:
> . . . .
> (2) with respect to matters listed in 40-6-116(3)
> . . . .

Relevant portions of § 40-6-116, MCA, state that:

> (1) The judgment or order of the court determining the existence or nonexistence of the parent child relationship is determinative for all purposes.
> . . . .
> (3) (a) The judgment or order may contain any other provision directed against the appropriate party to the proceeding concerning the custody and guardianship of the child, visitation privileges with the child . . . or any other matter in the best interest of the child.

(Emphasis added.)

3

In the instant situation, Myron had the hearing required by § 40-4-217, MCA, before his visitation rights were terminated in the decree of dissolution. The District Court suspended that termination of visitation pursuant to Myron's compliance with certain conditions. The District Court has continuing jurisdiction to monitor Myron's compliance with those conditions and to grant visitation accordingly. The visitation that Myron has enjoyed did not change his status. He is still a parent with terminated visitation rights. That status has merely been suspended by the District Court based on Myron's compliance with the conditions in the decree of dissolution. Pursuant to §§ 40-6-118 and -116(3)(a), MCA, the District Court has continuing jurisdiction to issue visitation schedules in conjunction with Myron's compliance with those conditions.

We hold that the District Court did not abuse its discretion when it issued the current visitation schedule sua sponte.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

4

We concur:

_____
              Chief Justice

_____

_____

_____
Justices

5

Justice James C. Nelson specially concurs.

I concur in the result of our opinion, but not in its rationale. I would hold that the District Court erred in not holding a hearing on modification of the custody order, but would also hold that the error was harmless given that the order entered by the court substantially complied with the proposed visitation requested by Myron and in view of the recommendation of the guardian ad litem.

More importantly, we do not cite any authority for our application of §§ 40-6-118 and 40-6-116, MCA, which are part of the Uniform Parentage Act, Title 40, Chapter 6, part 1, MCA, to the modification of custody issue in this marriage and divorce case. In that respect, I note that neither party has argued the application of those statutes to this dispute, and I have strong reservations about whether either statute is appropriately applied here. Under the circumstances, I would not decide this case on the basis of those statutes.

_____
Justice